ARTHUR H. LAMBORN and Others, Copartners Doing Business
under the Firm Name and Style of LAMBORN & COMPANY,
Appellants, v. JACOB COHEN, Also Known as JACK COHEN,
Respondent.

First Department, June 24, 1927.

**Brokers — stockbrokers — action by brokers against customer — finding
by jury that defendant gave orders which plaintiffs failed to execute is
against evidence.**

In an action by stockbrokers against a customer in which the defendant contended
that he gave certain orders to the plaintiffs which the plaintiffs failed to execute,
the finding by the jury in favor of the defendant that the orders were given to
the plaintiffs which they failed to execute is contrary to the evidence.

FINCH, J., dissents, with memorandum.

APPEAL by the plaintiffs, Arthur H. Lamborn and others, from
a judgment of the Supreme Court in favor of the defendant, entered
in the office of the clerk of the county of New York on the 9th
day of October, 1926, upon the verdict of a jury, and also from
an order entered in said clerk's office on the 8th day of November,
1926, denying plaintiffs' motion for a new trial made upon the
minutes.

*Louis O. Van Doren* of counsel [*Alfred C. B. McNevin* with him
on the brief; *Van Doren, Conklin & McNevin,* attorneys], for the
appellants.

*Harold R. Medina* of counsel [*Milton Elias Schattman* with him
on the brief], for the respondent.

O'MALLEY, J. The issue presented is whether the jury's finding
that defendant gave orders to the plaintiffs in respect to his
cotton account, which they failed to execute, was against the
weight of the evidence. We are fully satisfied it was. Defend-
ant's testimony that such verbal orders were given is unsupported
by documentary or other evidence. His claim is clearly against
the probabilities. No possible reason for plaintiffs' refusal or
failure to execute the orders, if received, is presented or suggested.
On the contrary, it appears it would have been to plaintiffs'
advantage, rather than disadvantage, to have executed the orders.
Plaintiffs' claim that no such orders were ever received and that
they were at all times advising defendant to protect his account
and insisting upon additional margin to avoid selling him out, is
supported by all the documentary evidence in the case.

The judgment and order should be reversed and a new trial ordered,
with costs to appellants to abide the event, upon the ground that

the verdict in defendant's favor was against the weight of the evidence.

DOWLING, P. J., MARTIN and PROSKAUER, JJ., concur; FINCH, J., dissents.

FINCH, J. (dissenting). While I might not have voted as did the jury if I had been a member, yet there is sufficient evidence, if believed to sustain the jury's verdict. Whether the evidence should be believed is within the province of the jury. (*People* v. *Katz*, 154 App. Div. 44; affd., 209 N. Y. 311.) I, therefore, vote to affirm the judgment appealed from.

Judgment and order reversed and new trial ordered, with costs to the appellants to abide the event.