ALFRED H. NEWBURGER and Others, Copartners, Doing Business under the Firm Name and Style of NEWBURGER, HENDERSON & LOEB, Appellants, v. RACHEL COHEN and Another, Respondents.

First Department, January 19, 1934.

*Osmond K. Fraenkel* of counsel [*Goldsmith, Jackson & Brock*, attorneys], for the appellants.

*Sidney J. Loeb* of counsel [*Leon M. Prince* with him on the brief; *Prince & Loeb*, attorneys], for the respondents.

PER CURIAM. The judgment herein is against the weight of the credible evidence and for that reason must be reversed and a new trial ordered.

The proof on both branches of this case, the alleged agreement to carry all these accounts without margin and the alleged order to sell, is contradicted and in any event is wholly insufficient. After the alleged order to sell is said to have been given, Abraham Cohen, the son of the defendant Rachel Cohen, who conducted the accounts for the defendants, received monthly statements for October and November, 1929, showing that the stocks had not been sold but were being carried by plaintiffs for the account of the defendants. At that time no objection was made to the failure to sell. That alone has a very important bearing on this case. (*Lamborn* v. *Cohen*, 221 App. Div. 128.)

In addition, the contract claimed by the defendants to have been made between the parties was not correctly stated to the jury. The contract alleged by the defendants to have been made with the plaintiffs herein through Daniel Loeb was, in substance, that Loeb agreed with defendants not to require margins for certain accounts. The exact language is as follows: " Well, Abe, if you can induce Mike Brayer to come in, you need never worry about margins for the accounts that you are interested in."

The court charged the jury that the defendants claimed the contract between the parties to be as follows: That the plaintiffs " agreed with the father of one defendant and the son of the other defendant that if he did a certain thing, they would, under no circumstances, from that day on, demand any margin or further margin on either of these two accounts; that if this individual procured a certain account, brought in a certain customer to the plaintiffs, plaintiffs would assume all responsibilities concerning these accounts, *would carry them, and if there was a loss, would suffer the loss themselves.*"

We have been unable to find testimony establishing any such contract.

The judgment and order should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Present — FINCH, P. J.; MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ.

Judgment and order reversed and a new trial ordered, with costs to the appellants to abide the event.